JORGE NAUN AGUILAR,

v.                                        Case No. 8:04-cr-336-T-17EAJ
                                                  8:08-cv-2589-T-17EAJ

UNITED STATES OF AMERICA.

_____

## O R D E R

This cause is before the Court on Defendant's motion for permission to file a delayed 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-311, 312). It appears that a motion to vacate would be time-barred, and Defendant recognizes that the motion would be untimely. A review of the record demonstrates that, for the following reasons, Defendant's motion for permission to file a delayed 28 U.S.C. § 2255 motion to vacate must be denied.

## BACKGROUND

On August 5, 2004, a grand jury in the Middle District of Florida indicted Aguilar and several other men on charges of conspiring to possess five kilograms or more of cocaine with the intent to distribute it, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii), and possessing five kilograms or more of cocaine with the intent to distribute it, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). CR-1.

On June 29, 2005, Aguilar pled guilty unconditionally to both counts of the indictment

without a plea agreement. Doc. cr-165. On December 19, 2005, this Court sentenced the defendant to a 151-month term of incarceration to be followed by 60 months of supervised release. Doc. cr-225 (Judgment). The defendant directly appealed his conviction to the United States Court of Appeals for the Eleventh Circuit, Appeal. No. 06-10047-JJ.

On September 15, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed the disposition of this case. *United States v. Aguilar*, 196 Fed. Appx. 837 (11th Cir., 2007) (unpublished). Doc. cr-298 (USCA Decision). Aguilar did not petition the Eleventh Circuit for certiorari review. On December 22, 2008, Aguilar filed the instant motion seeking permission from this Court to extend his time to file a motion pursuant to 28 U.S.C. 2255.

The District Court is without subject jurisdiction to grant such a motion.

DISCUSSION

Aguilar seeks permission from this Court, pursuant to Rule 9 of the Rules Governing Section 2255 Proceedings, to extend the time he has to file his initial section 2255 motion. However, Rule 9 is not applicable in Aguilar's case. Rule 9 simply states: Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, Para. 8. Aguilar is seeking permission to extend the time to file his initial section 2255, not a second or successive motion to vacate.

Furthermore, the District Court lacks subject matter jurisdiction over the pro se litigant's motion to extend the time for filing a motion to vacate because a section 2255 proceeding commences with the filing of a section 2255 motion to vacate sentence and the pro se litigant in this matter never filed a section 2255 motion to vacate sentence. Instead,

the pro-se litigant merely filed a motion to extend the time for filing a section 2255 motion to vacate sentence. Therefore, a section 2255 matter has never commenced, and the District Court lacks authority to act on the subject matter of the motion to extend.

Federal district courts are courts of limited jurisdiction. For example, federal district courts have jurisdiction over the subject matter of federal criminal cases under the authority of 18 U.S.C. § 3231. "Neither [§ 2255] nor the pertinent rules of court authorize a district court to extend the time within which a petition must be filed in order to avoid the bar of the statute of limitations enacted by Congress." *Application of Wattanasiri*, 982 F. Supp. 955, 957 (S.D. N.Y. 1997). "The AEDPA provision appears to state a statute of limitations which cannot be waived or modified by the Court." *United States v. Eubanks*, 1997 WL 115647 (S.D. N.Y. 1997).

A district court's jurisdiction over post-sentencing actions pertaining to a federal criminal case is also extremely limited. A district court may exercise jurisdiction over a proceeding on a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) or on a motion to correct or reduce a sentence pursuant to Fed. R. Crim. P. 35, or on a motion to vacate or set aside a sentence pursuant to 28 U.S.C. § 2255. A district court may exercise jurisdiction to entertain a petition for an extraordinary writ, pursuant to 28 U.S.C. § 1651. Absent some grant of specific statutory authority, however, a federal district court does not possess any generalized authority to entertain requests of a convicted and sentenced defendant.

Cases brought for post-sentencing relief pursuant to section 2255 are civil cases, and, because a "civil action is commenced by filing a complaint with the court[,]" see Fed.R.Civ.P. 3, a section 2255 action commences only with the filing of a motion to vacate

or set aside a sentence pursuant to 28 U.S.C. § 2255. Indeed, Congress has placed strict time limitations upon the commencement of section 2255 proceedings, 28 U.S.C. § 2255; *see, e.g., Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999), and strict substantive limitations on review of appeals brought by unsuccessful section 2255 movants, 28 U.S.C. § 2253(c)(2); *see, e.g., Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998). The Court is not aware of any statutory authority authorizing federal courts to entertain a motion to extend time for filing before filing a section 2255 motion.

Applying these principles to this instance, the District Court lacks subject matter jurisdiction over the defendant's motion to extend the statutory time for filing a motion for post-conviction relief. Aguilar's request to extend the time period to file a section 2255 motion was filed before a 2255 motion was filed. In *United States v. Chambliss*, 145 F.3d 1334 (6th Cir. 1998) (unpublished), the court explained that "[t]he timeliness of a § 2255 motion can be addressed by the district court if and when a § 2255 motion is filed." Such a motion to extend is a legal nullity that merely invites an advisory opinion concerning a matter that does not constitute a "case or controversy." *Id.* Therefore, the District Court lacks authority to grant the defendant's request.

Further, section 105 of the Anti-Terrorism and Death Penalty Act of 1996 (AEDPA) proscribes the filing of any section 2255 motion one year after final judgment or one year after April 24, 1996. 28 U.S.C. § 2255, as amended by Pub. L. No. 104- 132, Title I, § 105 (Apr. 24, 1996); *see also Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998); *United States v. Rienzi*, 1996 WL 605130, at *1 (E.D. Pa. Oct. 21, 1996) (AEDPA imposes one year non-retroactive statute of limitations on section 2255 motions). Section 105 of the

4

AEDPA applies to all section 2255 motions filed after April 24, 1996, irrespective of the date of the defendant's final judgment. *United States v. Plumes*, 1996 WL 453045 (D. Or. 1996).

The one year statute of limitations for a cause of action for collateral relief under 28 U.S.C. § 2255 begins to run from either: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title I, § 105 (Apr. 24, 1996). In addition, the one year statute of limitations on section 2255 motions does not violate the Ex Post Facto Clause of the United States Constitution. *See, e.g., Griffin v. Endicott*, 932 F. Supp. 231 (E.D. Wis. 1996).

In this case, since Aguilar did not file a petition for certiorari, the judgment became "final" when the possibility of further direct appellate review was exhausted, 90 days from the entry of judgment.  Therefore, Aguilar's judgment became final on December 14, 2006 (September 15, 2006, plus 90 days). To be timely filed, the Aguilar's section 2255 motion should have been filed on or prior to December 14, 2007. In his motion for extension of time , Aguilar makes a vague reference to a breakdown in communication between his counsel and himself.

The Eleventh Circuit has held that the AEDPA's one-year time limitation may be equitably tolled. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied*, 121 S. Ct. 410 (2000)(citing *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is appropriate in cases where a movant untimely files because of

extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *Sandvik*, 177 F.3d at 1271. However, equitable tolling "is an extraordinary remedy which is generally applied sparingly." *Helton v. Secretary for Dept. of Corrections*, 2000 WL 1726581 (11th Cir. Nov. 21, 2000).

Equitable tolling, however, is proper only when a defendant has been prevented from asserting his or her rights in some extraordinary way. *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3rd Cir. 1998). To establish the propriety of equitable tolling of the limitations period, a defendant must demonstrate that he or she exercised reasonable diligence in investigating and bringing his claim; mere excusable neglect is not sufficient. *Id.* at 619. In *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990), the Supreme Court considered situations in which equitable tolling had been extended and determined that such relief was available only sparingly:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversaries misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin*, 498 U.S. at 96. The Supreme Court denied the plaintiff in Irwin equitable tolling of his claim, stating that the principles of equitable tolling do not extend to what is at best a garden variety claim of excusable neglect. *Id.* Aguilar has failed to show that he has exerted due diligence to timely file a section 2255 motion or to justify any claim of equitable tolling, nor has he filed a section 2255 motion as of this date.

## Aguilar's Reply

Aguilar complains that his appellate counsel acted "unethically when he abandoned

the appellant's defense in this case. The appeal court required that defense counsel inform his clients, in writing, of his right to petition the supreme court of the United States for further review after a judgement. The defense counsel ignored the court's [sic] of appeals requirement."

The cases Aguilar cites do not stand for the proposition that appellate counsel was required to inform Aguilar in writing of his right to file a petition for writ of certiorari, or that counsel abandoned him on appeal.

To the contrary, in *Ucciferri v. United States,* 2006 WL 1281362 at *3-4 (M.D. Fla., May 9, 2006), the Court stated:

> "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in [the United States Supreme Court].... [Consequently,] [s]ince [Petitioner] had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely." *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982).
>
> Next, "[t]he Sixth Amendment does not guarantee effective assistance in pursuing motions for rehearing after denial of a direct appeal. [T]he right to appointed counsel extends to the first appeal of right, and no further. Thus, the failure of petitioner's counsel to seek rehearing before the [appellate court] cannot constitute ineffective assistance of counsel in violation of the Sixth Amendment." *Alley v. Bell*, 101 F.Supp.2d 588, 665 (W.D. Tenn.2000), *affirmed*, 307 F.3d 380 (6th Cir.2002), *cert. denied*, 540 U.S. 839 (2003) (citations omitted) (quotations omitted); *see also Hernandez v. Wainwright*, 634 F.Supp. 241, 250 (S.D. Fla.1986), affirmed without opinion, 813 F.2d 409 (11th Cir.1987) (finding that "a petition for rehearing of an appeal is squarely a discretionary appeal and again is within the purview of the rule established in *Wainwright v. Torna*....").
>
> In addition, Petitioner has failed to show by any reasonable probability that any motion for rehearing or petition for a writ of certiorari would have succeeded. *Salcedo v. United States*, No. 98 CIV. 7638(DLC), 1999 WL 335835, at *4 (S.D. N.Y. May 25, 1999) (finding that, even if appellate counsel did not consult with the defendant regarding his appeal or promptly notify him of the affirmance of his conviction, the defendant had failed to show by any reasonable probability that any petition for a writ of certiorari

would have succeeded).

Nothing in the reply convinces this Court that Aguilar is entitled to equitable tolling based on his claim of ineffective assistance of counsel because counsel failed to inform Aguilar of his right to file a petition for writ of certiorari.

Accordingly, the Court orders:

That Aguilar's motion for permission to file a delayed 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-311, 312) is denied. The Clerk is directed to enter judgment against Aguilar and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 31, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

James C. Preston, Jr.
Jorge Naun Aguilar